IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KEITH BUNCH ASSOCIATES, LLC, a North Carolina limited liability company, individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>LA-Z-BOY INC., LA-Z-BOY GLOBAL LIMITED, Michigan corporations, HYDROPOOL INC., and 2217044 ONTARIO INC., Canadian corporations,<br><br>Defendants. | ))))))))))))))))) | 1:14-cv-850 |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

This matter is before the Court on Plaintiff's Motion to Strike [Defendants'] Affirmative Defenses (ECF No. 31) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court denies Plaintiff's motion related to Defendants' first, third, and fourth affirmative defenses and allows the motion related to the second affirmative defense.

**I.  BACKGROUND**

Plaintiff, Keith Bunch Associates, LLC, commenced this class action on October 7, 2014, against Defendants La-Z-Boy Inc., La-Z-Boy Global Limited, Hydropool Inc., and 2217044 Ontario Inc., alleging that their practice of sending unsolicited advertisements by facsimile is in violation of the Telephone Consumer Protection Act of 1991, as amended by

the Junk Fax Prevention Act of 2005 ("TCPA/JFPA"), 47 U.S.C. § 227 (2012). (ECF No. 1 ¶ 2.) Each Defendant filed its Answer and Affirmative Defenses to the Class Action Complaint. (ECF Nos. 26–29.) In addition, each Defendant asserted the same four affirmative defenses: (1) "[p]laintiff's Complaint in whole or part fails to state a cause of action;" (2) "[t]he alleged claims of Plaintiff and the class are barred, in whole or in part, by the applicable statute of limitations;" (3) "[a]ggregation of the types of claims asserted by Plaintiff and the proposed class Plaintiff seeks to represent would violate Defendant's constitutional rights under the applicable state and federal constitutions;" and (4) "[t]he imposition of statutory damages in this action, unrelated to any actual harm caused by the conduct alleged in the Complaint, would violate Defendant's state and federal constitutional rights, including its rights to procedural and substantive due process." (ECF No. 26 at 5–6; ECF No. 27 at 8–9; ECF No. 28 at 8–9; ECF No. 29 at 6.)

Plaintiff moves to strike the affirmative defenses asserted by each of the Defendants pursuant to Rule 12(f) of the Federal Rules of Civil Procedure on the grounds that they are legally insufficient, conclusory, and devoid of sufficient facts to give Plaintiff notice of the defenses to Plaintiff's claims. (ECF No. 31 at 1.) Defendants have withdrawn their second affirmative defense,[1] and thus the Court will allow Plaintiff's motion to strike this affirmative defense without prejudice. The Court next considers Defendants' first, third, and fourth affirmative defenses.

---

[1] In their briefing, Defendants state, "At this juncture, and given the plaintiff's concession that it will not seek any recovery for any putative member of the class for alleged infractions of the Telephone Consumer Protection Act prior to four years before the commencement of this lawsuit, Defendants agree to withdraw their Second Affirmative Defense without prejudice to replead." (ECF No. 34 at 2 n.1.)

2

**II.  DISCUSSION**

Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or on motion of a party.  Fed. R. Civ. P. 12(f).  Such motions are disfavored "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic."  *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2d ed. 1990)).  However, where a defense "might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action . . . [it] should be deleted."  *Id.*  Courts generally require the party moving to strike a defense to make a showing that he or she would be prejudiced if the defense is not stricken.  *See Staton v. N. State Acceptance, LLC*, No. 1:13-CV-277, 2013 WL 3910153, at *2 (M.D.N.C. July 29, 2013) (citing *Moore v. Prudential Ins. Co. of Am.*, 166 F. Supp. 215, 217 (M.D.N.C. 1958)).  Prejudice occurs when the challenged defense is irrelevant and "result[s] in increased time and expense of trial, including the possibility of extensive and burdensome discovery."  *Id.* (quoting *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003)).  In reviewing a motion to strike pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the court reviews "the pleading under attack in a light most favorable to the pleader."  *Guessford v. Pa. Nat'l Mut. Cas. Ins. Co.*, 918 F. Supp. 2d 453, 467 (M.D.N.C. 2013).

Where, as in this case, the defense at issue is an affirmative defense, Rule 8(c) of the Federal Rules of Civil Procedure governs how such a defense should be pled.  Rule 8(c)

provides that "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). The Fourth Circuit has stated that "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Clem v. Corbeau*, 98 F. App'x 197, 203 (4th Cir. 2004) (per curiam) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1274 (2d ed. 1990)).

Plaintiff suggests that the Court apply the particularity and plausibility standard from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in reviewing Defendants' affirmative defenses. (ECF No. 34 at 4.) Federal district courts are divided on whether the pleading requirement articulated in *Iqbal/Twombly* applies to affirmative defenses. Although the Fourth Circuit has not applied the *Iqbal/Twombly* pleading requirement to affirmative defenses, "the majority of district courts have concluded that the particularity and plausibility standard from *Iqbal/Twombly* does apply to the pleading of affirmative defenses." *Staton*, 2013 WL 3910153, at *2; *see Francisco v. Verizon S. Inc.*, No. 3:09cv737, 2010 WL 2990159, at *6 & n.3 (E.D. Va. July 29, 2010) (collecting cases); *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649, 650 & n.15 (D. Kan. 2009) (collecting cases). These courts reason that the "same logic holds true for pleading affirmative defenses [as for pleading a complaint]—without alleging facts as part of the affirmative defenses, [a][p]laintiff cannot prepare adequately to respond to those defenses." *Francisco*, 2010 WL 2990159, at *6 (alterations in original) (quoting *Holtzman v. B/E Aerospace, Inc.*, No. 07-80551-CIV, 2008 WL 2225668, at *2 (S.D. Fla. May 29, 2008)).

Other federal district courts have declined to extend the *Iqbal/Twombly* pleading requirement to affirmative defenses. *See Coach, Inc. v. Sun Super Mkt., Inc.*, No. 5:13-CV-679-FL, 2014 WL 545948, at *2 (E.D.N.C. Feb. 10, 2014); *Guessford*, 918 F. Supp. 2d at 468; *Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10cv1218 (JCC), 2011 WL 98573, at *1 (E.D. Va. Jan. 10, 2011). The reason courts have declined to apply *Iqbal/Twombly* to the pleading of affirmative defenses is that the language contained in Rule 8(c) differs from the language in Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). *See EEOC v. Joe Ryan Enters., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) ("If the drafters of Rule 8 intended for defendants to plead affirmative defenses with the factual specificity required of complaints, they would have included the same language requiring a 'showing' of 'entitle[ment] to relief' in the subsections governing answers and affirmative defenses." (alteration in original)). Moreover, these courts note that plaintiffs have the opportunity to develop facts to support their contentions and prepare their complaints over the course of several years, limited only by the statute of limitations, whereas defendants must file their answers in twenty-one days and risk waiving any defenses not raised in the answer. *See Paleteria La Michoacana v. Productos Lacteos*, 905 F. Supp. 2d 189, 191–92 (D.D.C. 2012). This Court is persuaded by the reasons offered by the courts that have declined to apply *Iqbal/Twombly* to affirmative defenses. Thus, this Court will apply the standard articulated by the Fourth Circuit—that is, as long as the affirmative defense gives the plaintiff fair notice of the nature of the defense, then it will be sufficient. *Clem*, 98 F. App'x at 203.

### A. First Affirmative Defense: Failure to State a Claim

Plaintiff argues that Defendants' first affirmative defense, which states that "Plaintiff's Complaint in whole or part fails to state a cause of action," should be stricken because it is not an affirmative defense and is not "contextually comprehensible." (ECF No. 32 at 4.) Plaintiff is correct that this defense does not constitute an affirmative defense under Rule 8(c), and some courts have stricken it where it has been labeled as such. *See, e.g.*, *Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 727 (W.D. Va. 2010). However, other courts have concluded that "in the case of mere mislabeling of such a defense, 'striking the defense . . . would serve no real purpose.'" *E.g.*, *Izzard v. Credit Fin. Servs., Inc.*, No. 1:13CV998, 2014 WL 1330548, at *2 (M.D.N.C. Apr. 2, 2014) (quoting *U.S. Bank Nat'l Ass'n v. Educ. Loans Inc.*, Civ. No. 11-1445 (RHK/JJG), 2011 WL 5520437, at *7 (D. Minn. Nov. 14, 2011)). The Court agrees with the latter approach.

"Failure to state a claim" is a valid defense that can be asserted by merely stating, "The complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. Form 30. As such, Defendants could have asserted this defense under a different heading in their answers. *See Izzard*, 2014 WL 1330548, at *3. Nor does Defendants' failure to provide factual support for their "failure to state a claim" defense prejudice Plaintiff because it is Plaintiff's obligation to state a claim upon which relief can be granted, irrespective of any defenses raised by Defendants. *See* Fed. R. Civ. P. 8(a)(2). Moreover, Defendants may raise this defense at any time, including at trial, *see* Fed. R. Civ. P. 12(h)(2)(C), and no action will be taken on this defense unless or until Defendants assert it by motion, *see Villa v. Ally Fin., Inc.*, No. 1:13CV953, 2014 WL 800450, at *3 (M.D.N.C. Feb. 28, 2014) (explaining that the

defendant's failure to include any detail supporting its failure-to-state-a-claim defense caused plaintiff no prejudice because the court would take no action on this defense until the defendant made a motion). Accordingly, the Court declines to strike Defendants' first affirmative defense; rather, the Court will construe it as a defense to Plaintiff's Complaint.

### B. Third Affirmative Defense: Violation of Constitutional Rights

Defendants' third affirmative defense states, "Aggregation of the types of claims asserted by Plaintiff and the proposed class Plaintiff seeks to represent would violate Defendant[s'] constitutional rights under the applicable state and federal constitutions." Plaintiff contends that this defense "gives no indication of what 'types of claims' it is referring to," in that "Plaintiff cannot meaningfully investigate the merits of this defense in discovery or prepare a response." (ECF No. 32 at 6.) The Court disagrees.

This is not a case where Plaintiff has asserted multiple claims; rather, Plaintiff has raised only claims arising under the TCPA/JFPA. This affirmative defense therefore puts Plaintiff on notice that Defendants may have a defense to Plaintiff's class action, specifically that the aggregation of statutory damages under the TCPA/JFPA may violate Defendants' constitutional rights. As Defendants point out, courts have expressed concern about whether the $500 award per violation of the TCPA/JFPA may lead to an "excessive fine" in violation of the Eighth Amendment or implicate "due process" concerns under the Fifth Amendment. *See Maryland v. Universal Elections, Inc.*, 862 F. Supp. 2d 457, 465 (D. Md. 2012) ("While the TCPA's damages provisions appear constitutional on their face, damages may become unconstitutional as applied in an individual case. In such situations, a damages award may violate due process or constitute an 'excessive fine' under the Eighth

7

Amendment."). Had Defendants not raised this affirmative defense in their answers, then they risked waiving it. *See Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999). Plaintiff has sufficient notice of the nature of this affirmative defense, and thus, the Court denies Plaintiff's motion to strike it.

### C. Fourth Affirmative Defense: Constitutional Standing

Defendants' fourth affirmative defense states, "The imposition of statutory damages in this action, unrelated to any actual harm caused by the conduct alleged in the Complaint, would violate Defendant[s'] state and federal constitutional rights, including its rights to procedural and substantive due process." Plaintiff requests that the Court strike this defense because it is "without legal substance." (ECF No. 32 at 6.)

As support for its argument, Plaintiff relies on two cases, *Palm Beach Golf Center–Boca, Inc. v. Sarris*, 771 F.3d 1274 (11th Cir. 2014), *vacated and superseded on reconsideration*, 781 F.3d 1245 (11th Cir. 2015) and *Dreher v. Experian Information Solutions, Inc.*, No. 3:11-cv-624, 2014 WL 6834867 (E.D. Va. Dec. 3, 2014). These cases are readily distinguishable from the instant matter because the constitutional standing issue was before the courts on summary judgment. Defendants are not required to prove the merits of their affirmative defense at this point in the litigation; they only need to put Plaintiff on notice of the nature of their affirmative defense, which they have done, and that defense must be valid as a matter of law. Since the Fourth Circuit has not addressed the validity of this defense within the context of TCPA/JFPA claims, the Court rejects Plaintiff's argument that this defense is "without legal substance" as a matter of law.

8

Moreover, Plaintiff cannot show prejudice related to the pleading of this affirmative defense since Article III standing is an issue of subject matter jurisdiction, which relates to the power of this Court to hear a case. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, 777 F.3d 712, 715–16 (4th Cir. 2015) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88–102 (1998)). As such, subject matter jurisdiction can be raised by the parties or *sua sponte* by the Court irrespective of any defenses raised by the Defendants. *See Wye Oak Tech., Inc. v. Republic of Iraq*, 666 F.3d 205, 218 (4th Cir. 2011); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . ."). For these reasons, the Court declines to strike Defendants' fourth affirmative defense.

## ORDER

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike [Defendants' First, Third, and Fourth] Affirmative Defenses (ECF No. 31) is DENIED and Plaintiff's Motion to Strike [Defendants' Second] Affirmative Defense is ALLOWED without prejudice.

This, the 9th day of July, 2015.

                                        /s/ Loretta C. Biggs
                                     United States District Judge